ORIGINAL

ECF

In The United States Court of Federal Claims

FILED
MAY 11 2006
U.S. COURT OF FEDERAL CLAIMS

**EA INDUSTRIES, INC.**
**P.O. BOX 909**
**SAN LORENZO, PR 00754**

**Plaintiff,**

**v.**

**THE UNITED STATES**

**Defendant.**

**Case No.** 06-386 C

**COMPLAINT**

**A. Parties**

1. Plaintiff is EA Industries, Inc. ("EAI"), a Puerto Rico corporation with its principal place of business at P.O. Box 909, San Lorenzo, PR 00754.

2. Defendant is the United States of America, acting through the Defense Logistics Agency ("DLA").

**B. Jurisdiction**

3. Jurisdiction is founded upon 28 U.S.C. § 1491(a)(1), and the Contract Disputes Act, 41 U.S.C.§ 601 *et seq* ("the CDA").

**C. Background**

4. On or about September 30, 2004, EAI was awarded Contract SPO100-04-D-0668 ("the Contract") by the Defense Supply Center Philadelphia ("DSCP"), a field activity of DLA.

5. The Contract called for EAI to produce and deliver an indefinite quantity of Trousers, Woodland Camouflage Type I (minimum quantity per year:

90,000/maximum quantity per year: 510,000) for a base year plus four (4) option years.

6. The Contract was awarded to EAI arising out of Solicitation SPO100-02-R-0034 ("the Solicitation"), which was incorporated into the Contract.

7. The Solicitation included the clause at FAR 52.242-15 STOP-WORK-ORDER (Aug 1989) (the "Stop Work Clause").

8. The Stop Work Clause provides, in pertinent part, as follows:

> (a) The Contracting Officer may, at any time, by written order to the Contractor, require the Contractor to stop all, or any part, of the work called for by this contract for a period of 90 days after the order is delivered to the Contractor, and for any further period to which the parties may agree. The order shall be specifically identified as a stop-work order issued under this clause. Upon receipt of the order, the Contractor shall immediately comply with its terms and take all reasonable steps to minimize the incurrence of costs allocable to the work covered by the order during the period of work stoppage. Within a period of 90 days after a stop-work order is delivered to the Contracting Officer, or within any extension of that period to which the parties shall have agreed, the Contracting Officer shall either –
>
> (1) Cancel the stop-work order, or
>
> (2) Terminate the work covered by the order as provided in the Default, or the Termination for Convenience of the Government, clause of this contract.
>
> (b) If a stop-work order issued under this clause is canceled or the period of the order or any extension thereof expires, the Contractor shall resume work. The Contracting Officer shall make an equitable adjustment in the delivery schedule or contract price, or both, and the contract shall be modified, in writing, accordingly, if –
>
> (1) The stop-work order results in an increase in the time required for, or in the Contractor's cost properly allocable to, the performance of any part of this contract; and
>
> (2) The Contractor asserts its right to the adjustment within 30 days after the end of the period of work stoppage; provided, that, if the Contracting Officer decides the facts justify the action, the Contracting Officer may receive and act upon a proposal submitted at any time before final payment under this contract.

* * * *

9. On or about November 18, 2004 EAI received a Stop Work Order from the Contracting Officer ("Stop Work Order No. 1"), as a result of a GAO protest filed by an unsuccessful offeror on the Solicitation.

10. EAI complied with the instructions in Stop Work Order No. 1 and immediately ceased work.

11. Stop Work Order No. 1 remained in effect until March 18, 2005, *i.e.*, 120 days later, when the Contracting Officer authorized EAI to return to work.

12. On June 13, 2005, the Contracting officer issued a second "Stop Work Order," pursuant to the Stop Work Clause ("Stop Work Order No.2").

13. EAI complied with the instructions in Stop Work Order No. 2 and immediately ceased work.

14. Stop Work Order No. 2 was "rescinded" by the Contracting Officer on September 22, 2005 (approximately 100 days after its issuance), whereupon EAI resumed production.

**COUNT I**

15. EAI hereby incorporates paragraphs 1-14 of this Complaint, as if set forth in full.

16. On April 8, 2005 EAI submitted a Request For Equitable Adjustment ("REA"), as a result of Stop Work Order No. 1; the REA was in the amount of $64,493.20.

17. EAI received no response from the Contracting Officer to its April 8, 2005 REA arising from Stop Work No.1; it therefore deemed the REA to be disputed by DSCP, and on October 17, 2005 EAI resubmitted the REA as a claim pursuant to the CDA ("Claim No. 1"), requesting a Final Decision.

18. By letter dated December 2, 2005, EAI revised Claim No. 1 from $64,493.20 to $80,811.72.

19. No Final Decision was rendered by the Contracting Officer on Claim No. 1.

20. Due to the Contracting Officer's failure to issue a Final Decision on Claim No. 1 within the Sixty (60) day period allowed in the CDA, the claim is deemed denied.

21. EAI is entitled to an adjustment in the amount of $80,811.72, as sought in Claim No. 1.

**COUNT II**

22. EAI hereby incorporates paragraphs 1-14 of this Complaint, as if set forth in full.

23. On October 17, 2005 EAI submitted to the Contracting officer a second REA, arising from Stop Work Order No. 2.

24. The October 17 REA totaled $115,419.59.

25. By letter dated December 2, 2005, EAI revised the REA related to Stop Work Order No.2 from $115,419.59 to $129,823.75.

26. EAI received no response to its December 2, 2005 revised REA related to Stop Work Order No. 2; it therefore deemed the REA to be disputed by DSCP, and on February 6, 2006 resubmitted the REA as a claim under the CDA ("Claim No.2"); a CDA certification was attached and a Final Decision was requested.

27. No Final Decision was rendered by the Contracting Officer on Claim No. 2.

28. Due to the Contracting Officer's failure to issue a Final Decision on Claim No. 2 within the Sixty (60) Day period allowed in the CDA, the claim is deemed denied.

29. EAI is entitled to an adjustment in the amount of $129,823.75 as sought in Claim No. 2.

**D. Conclusion**

**WHEREFORE**, Plaintiff, EAI Industries, Inc. respectfully requests judgment against Defendant as follows:

1. On Count I, $80,811.72, together with CDA interest from October 17, 2005 (*i.e.*, the date of claim submission);

2. On Count II, $129,823.75, together with CDA interest from February 6, 2006 (*i.e.*, the date of claim submission);

3. Such other relief as The Court deems just and proper.

Respectfully submitted,

MARC LAMER
Attorney fir Plaintiff

Dated:May 10, 2006